FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:09-PO-5 |
| ) | |
| ARTAVIA L. PALMER ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF A SUMMONS

### I. INTRODUCTION

I, Sergeant Donald W. Pisman, of the Pentagon Police Department, at the Pentagon Reservation in Arlington, Virginia, having been duly sworn, state the following:

1. I have been employed as the Supervisory Pentagon Police Court Liaison Officer for the past six months. Prior to my current position, I was assigned to the Pentagon Police Court Liaison Office for approximately three years. In this supervisory capacity, I serve as the custodian for all criminal files and police reports generated by the Pentagon Police Department in the ordinary course of business. I work closely with the Special Assistant United States Attorneys that are assigned to the Pentagon.

2. This affidavit is submitted in support of a summons for the appearance of the defendant, ARTAVIA L. PALMER, so that she may be compelled to answer to the charges that on or about December 7, 2008, on the Pentagon Reservation, in the Eastern District of Virginia, she, did knowingly, willfully, and unlawfully (1) fail to operate a motor vehicle entirely within a single lane of traffic on a divided highway, without first ascertaining whether such movement

could be made safely, in violation of Title 32, Code of Federal Regulations, Sections 234.17(a) and 234.19(a), adopting Title 46.2, Code of Virginia, Section 804(2); (2) operate and exercise actual physical control of a motor vehicle while under the influence of alcohol, a drug or drugs, a controlled substance or controlled substances, or any combination thereof, to a degree that rendered her incapable of safe operation of the vehicle, in violation of Title 32, Code of Federal Regulations, Sections 234.17(c)(1)(i) and 234.19(a); (3) operate and exercise actual physical control of a motor vehicle while the alcohol concentration in her breath was 0.08 grams or more of alcohol per 210 liters of breath, in violation of Title 32, Code of Federal Regulations, Sections 234.17(c)(1)(ii) and 234.19(a), and; (4) give false information concerning her identity to an authorized person investigating a violation of law or regulation, in violation of Title 32, Code of Federal Regulations, Sections 234.6(c)(1) and 234.19(a).

3. I learned the facts set forth below from the law enforcement personnel and witnesses cited herein. This affidavit includes only the information necessary to support probable cause for a summons to be issued. It does not include each and every fact known to me or the government.

## II. THE NATURE OF THE OFFENSE

4. On December 7, 2008, at approximately 1:56 am, Officer Cummiskey of the Pentagon Police Department observed a green 2003 Chevrolet Cavalier with Virginia tags cross over the painted yellow divider line on Boundary Channel Drive on the Pentagon Reservation numerous times. He initiated a traffic stop and identified the driver by name and date of birth as "Precious K. Tunstall."

5. Upon initial contact with the defendant, Officer Cummiskey observed that the defendant's eyes were bloodshot and she appeared confused. He detected the odor of an unknown alcoholic beverage on her breath. When asked if she had been drinking, she stated

"Yeah, I drank." When asked about driving, she stated "I knew I should have not driven." Cummiskey asked her to step out of the vehicle to perform a series of standard field sobriety tests. The defendant stumbled upon exiting the vehicle and was unable to satisfactorily complete the standard field sobriety tests that were administered.

6. The defendant was arrested and transported to the Pentagon Police Court Liaison Office for further processing. While at the Court liaison office she was administered an Intoxilyzer 5000 breath alcohol test, the results of which revealed that her breath alcohol level was .105 and .103 at 3:01 and 3:06 a.m.

7. During processing the defendant again stated that her name was Precious K. Tunstall, and that she lived at 124 P Street S.W., Washington, DC. During processing, the defendant even signed the *Miranda* form and the consent form for the Intoxilizer 5000 breath alcohol test as "P. Tunstall."

8. At the conclusion of processing, the defendant was released to sober licensed friends.

9. Thereafter on December 12, 2008, I received a phone call from an individual identifying herself as "Artavia L. Palmer." PALMER stated that when she was arrested on the Pentagon Reservation at 1:56 a.m. on the morning of December 7, 2008, she had identified herself as "Precious K. Tunstall." She further stated that, upon learning of her arrest, her father had advised her to contact the Pentagon Police and give truthful information concerning her identity.

10. Subsequent to entering PALMER'S personal identification information into the FBI Joint Automated Booking System (JABS) it was confirmed by fingerprint information that PALMER had given false data as to name, date of birth, address, and Social Security numbers.

11. On December 12, 2008, I made contact with PALMER advising she needed to report to Pentagon Police to clarify numerous false statements she had made. PALMER advised due to her schedule she did not have time to comply.

### III. CONCLUSION

13. Based on the foregoing information, I believe probable cause exists to issue a summons commanding the appearance of ARTAVIA L. PALMER to answer to the charges of knowingly, intentionally and unlawfully: on or about December 7, 2008, on the Pentagon Reservation, in the Eastern District of Virginia, she, did knowingly, willfully, and unlawfully (1) fail to operate a motor vehicle entirely within a single lane of traffic on a divided highway, without first ascertaining whether such movement could be made safely, in violation of Title 32, Code of Federal Regulations, Sections 234.17(a) and 234.19(a), adopting Title 46.2, Code of Virginia, Section 804(2); (2) operate and exercise actual physical control of a motor vehicle while under the influence of alcohol, a drug or drugs, a controlled substance or controlled substances, or any combination thereof, to a degree that rendered her incapable of safe operation of the vehicle, in violation of Title 32, Code of Federal Regulations, Sections 234.17(c)(1)(i) and 234.19(a); (3) operate and exercise actual physical control of a motor vehicle while the alcohol concentration in her breath was 0.08 grams or more of alcohol per 210 liters of breath, in violation of Title 32, Code of Federal Regulations, Sections 234.17(c)(1)(ii) and 234.19(a), and; (4) give false information concerning her identity to an authorized person investigating a

violation of law or regulation, in violation of Title 32, Code of Federal Regulations, Sections 234.6(c)(1) and 234.19(a).

 

*[signature]*
SERGEANT DONALD W. PISMAN
Supervisory Court Liaison Officer
Pentagon Police Department

SUBSCRIBED AND SWORN
BEFORE ME ON THIS 30TH
DAY OF JANUARY, 2009.

*[signature]*
Notary Public

*[Notary seal: KATHARINE M MORGAN, COMMONWEALTH OF VIRGINIA, COMMISSION #4049069, 09-30-2010, NOTARY PUBLIC]*