Prob 12
(Mod. For E.VA 07/07)


FEB 2 4 2010

UNITED STATES DISTRICT COURT
for
EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Artavia Palmer                               Docket No. 1:09-PO-5-IDD

## Petition on Probation

COMES NOW Kenneth G. Orsino, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Artavia Palmer, who was placed on supervision by the Honorable Ivan D. Davis sitting in the Court at Alexandria, Virginia, on the 27TH day of February, 2009, who fixed the period of supervision at 1 year, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall enter and complete an alcohol treatment program at the direction of the probation officer.

2. The defendant may operate a motor vehicle ONLY (a) to and from work, (b) during the course of work if required as an incident of employment, (c) to and from Probation, this Court and the alcohol treatment program, (b) to and from childcare responsibilities, (e) to and from school, providing a school schedule in advance to probation.

3. The defendant shall pay a $200.00 fine on both counts and a $10.00 special assessment on both counts.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

PRAYING THAT THE COURT WILL ORDER a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date: March 16, 2010 @ 10 A.M.

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this 24th day of February, 2010 and ordered filed and made a part of the records in the above case. | Executed on February 23, 2010 |
| /s/ Ivan D. Davis<br>United States Magistrate Judge | Kenneth G. Orsino<br>U.S. Probation Officer<br><br>Place Alexandria, Virginia |

**Petition on Probation**
**Page 2**
**RE: PALMER, Artavia**

OFFENSE: 1) Driving While Intoxicated With a B.A.C. of .08% or More
2) Giving False Information

SENTENCE: One (1) year supervised probation with the following special conditions: 1) The defendant shall enter and complete an alcohol treatment program at the direction of the probation officer; and 2) the defendant may operate a motor vehicle ONLY (a) to and from work, (b) during the course of work if required as an incident of employment, (c) to and from Probation, this Court and the alcohol treatment program, (d) to and from childcare responsibilities, (e) to and from school, providing a school schedule in advance to probation; 3) the defendant shall pay a $200.00 fine on both counts and a $10.00 special assessment on both counts.

PROBATION VIOLATION: On December 3, 2009, the defendant appeared before Your Honor for a revocation hearing. At that time, the defendant was found in violation of her probation, and the term of her supervision was extended six (6) months with the following amended special conditions: 1) the defendant shall schedule an orientation appointment for the ASAP Program in Stafford, Virginia, no later than January 5, 2010; and 2) the defendant shall not operate a motor vehicle without a valid operator's license. The basis for this violation hearing was the defendant incurring a new speeding ticket, failing to notify her probation officer within 72 hours of police contact, failing to participate in the Rappahannock ASAP program, and failing to pay the fine and special assessment.

ADJUSTMENT TO SUPERVISION: Ms. Palmer was residing in Stafford, Virginia, but recently moved to Washington, D.C. and is currently employed part-time with CVS Pharmacy in Southeast, Washington, D.C. The defendant has reported for her scheduled appointments and has paid her fine and special assessment.

On December 10, 2009, the defendant contacted the Rappahannock ASAP office and scheduled an appointment for January 20, 2010. However, on January 2, 2010, the defendant relocated to Washington, D.C. to live with her aunt. The defendant subsequently contacted the Alexandria ASAP office and scheduled an evaluation for February 11, 2010. However, on that date the Alexandria ASAP office was closed due to inclement weather. Ms. Palmer rescheduled the appointment to March 4, 2010.

On September 16, 2009, the defendant received a HOV violation citation in Fairfax, Virginia. She was convicted of this offense on November 12, 2009. The defendant never reported this citation to her probation officer, and it was discovered during a routine record check. The defendant admitted to committing the offense and stated she cannot remember where she was traveling to when she received the ticket. It should be noted that the defendant's daughter was with her when she received the ticket. Furthermore, she has a restricted license, and there is no valid reason for her to be driving in that area.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:** COMMISSION OF A CRIME - HOV VIOLATION.

On September 16, 2009, the defendant received a citation for HOV Violation in Fairfax County, Virginia. The defendant was scheduled to appear in Fairfax County General District Court on November 12, 2009, but failed to appear and was found guilty in her absence. She was fined $125.00 and assessed $82.00 in costs.

**SPECIAL CONDITION:** THE DEFENDANT MAY OPERATE A MOTOR VEHICLE ONLY (A) TO AND FROM WORK, (B) DURING THE COURSE OF WORK IF REQUIRED AS AN INCIDENT OF EMPLOYMENT, (C) TO AND FROM PROBATION, THIS COURT AND THE ALCOHOL TREATMENT PROGRAM, (D) TO AND FROM CHILDCARE RESPONSIBILITIES, (E) TO AND FROM SCHOOL, PROVIDING A SCHOOL SCHEDULED IN ADVANCE TO PROBATION.

On September 16, 2009, at approximately 4:30 p.m., the defendant was stopped by Trooper Sullivan with the Virginia State Police while traveling southbound on I-95. The defendant was stopped by the trooper because she was traveling in the High Occupancy Vehicle lanes even though she only had her daughter in the vehicle.

When questioned by this officer regarding the reason she was driving at that location even though her license was restricted, the defendant stated she could not remember.

**CONDITION 11:** FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BEING QUESTIONED BY A LAW ENFORCEMENT OFFICER.

On September 16, 2009, the defendant received a citation for HOV Violation in Fairfax County, Virginia. The defendant failed to report this contact with law enforcement, and it was discovered during a routine record check.



KGO/lyh